Good morning. May it please the Court, my name is Aaron Nopom for the Appellant Charles Wiper, Inc. I've prepared statements that I'm ready to go through today, but I thought with perhaps the limited amount of time that we have that it might be more beneficial to just take the Court's questions and then respond to the City with whatever they may have. Well, I guess the key question for me is in light of the changes in Oregon law and the fact that your client's claim was pending but not resolved at the time that these changes took effect, doesn't that pretty well wipe out your case? I don't think it does at all, Your Honor. Why not? Because I think what you have to do is you have to look at the claim that we had, and while the law was in effect, we had a protected property interest, which meant that the City had to treat our claim with due promise. That's what we have to decide. How would you define what that property interest is while the claim is simply filed and pending? The property interest that we had specifically was the claim itself and then under the City's code to have it timely processed within 180 days. Well, just a minute. You start with the claim itself. How can a claim be a property interest? Do you have a case that supports that? Yes, Your Honor. The Ninth Circuit precedent in FOSP v. Board of, I think, Marine Fisheries, there's a long line of Ninth Circuit cases going back to state that where a benefit is mandatory, an applicant for that benefit has a protected property interest. All right. That's different than yours. Are you claiming you had a mandatory benefit, tell me? That's correct, Your Honor. Measure 37 was a mandatory benefit. Well, mandatory has to be also certain, right, in kind. Doesn't it? I know in those cases you're talking about involved licenses, you know, and there's no question about what kind of license those people entitled, but yours, was there any certainty in your benefit? Yes, there was, Your Honor. It was a – it's a certainty to an entitlement. And here the entitlement was either the payment of just compensation. I mean, you're talking in circles. Entitlement to what? To either the payment of just compensation or a waiver that would remove the land lease regulations to allow the applicant to develop their property. But the hearing itself found that there was no such entitlement because of the conditional use permit and the various uses to which the property had been put. So it failed on the merits. And, Your Honor, I would submit that that hearing was a sham. That hearing was conducted after Measure 49 had passed, after we had advised the city that we were going to sue them for violation of the due process rights. And the majority of the city council testified that they didn't know how they would have processed our application had it come before them in May of 2007. But regardless of whether that hearing is effective or not in some absolute sense, it at least shows that it wasn't certain that you were going to be determined to be eligible for those benefits, doesn't it? Your Honor, the test in the other circuits is that absolute certainty is not a requirement to being entitled to due process. Right. But under FOSS, the rule is it has to be if you meet these criteria, you will get the permit. Then there was nothing like that here, it seems. Your Honor, with Measure 37, the requirement was if you have owned the property prior to the enactment of land use regulations that have been enacted or enforced by the governing agency and those regulations cause a reduction in fair market value to your property, then you're entitled to the benefit. Here we had owned the property since 1929. It was completely unregulated at the time we had acquired it. And now it's encumbered by a slew of city regulations. In order for the city to have prevailed, they would have had to show that those regulations didn't reduce our property by a single penny in value. And the city had already adopted the position with other applicants that the mere fact that regulations exist causes a decrease in value. In our case, we had submitted an application that was supported by a appraisal by certified appraisers that showed a $3.5 million reduction in value. But I thought that the hearing determined that that appraisal did not take into account the effect of the conditional use permit, which was not the result of land use regulation. It was a contractual agreement entered into between WIPER and the city, right? It was, Your Honor, but I think you have to bear in mind that we never had a chance to judicially challenge the validity of that decision because the court held it as moot. We would say that that was not the – did not simply restrict the property, and that wasn't the only cause of reduction in value to our property. But the problem with your argument is that if the Oregon court of appeals was correct that the claim was moot, then there has never been a determination that your client had suffered any deprivation under the terms of the original measure. In essence, it is as if it never existed. So I'm still wrestling with where's the property interest here that you can point to and we can put our arms around and touch it and feel it. The property interest, Your Honor, is that we had filed a claim for benefits. The city was required under its own code to act on that claim for benefits within 180 days. Maybe I could put it a different way. Imagine that somebody is going to – they've worked 30 years and they're going to retire and they're going to put in their application for their retirement benefits, and the law says you have to process this application within 180 days, and they just never do. But you're trying to create a property interest out of a due process argument. You're mushing the two together, and it's not making analytical sense to me. Your argument, as I understand it, is my claim wasn't processed within 180 days. I had 180 days within which I had a right to the processing of the claim. Therefore, I have a cognizable property interest that's worth $3.5 million. That just doesn't make any sense to me. Your Honor, our position is that every person who had applied for the benefit had a property interest that was protectable under due process, meaning that they were entitled to have their claims fairly processed and adjudicated by the city. The city couldn't just sit on their hands. What about the cases decided by the Oregon State Courts that Measure 49 wiped out any rights that existed under Measure 37 except for final judgments, right? Isn't that what the State Court said? It was except for final judgments or except for waivers, Your Honor. And our position was, is that had they timely acted on our claim and we had been given a fair proceeding in front of the city, we would have been granted a waiver and we would have had 6 months to go out and then vested that waiver so that by the time Measure 47 came or Measure 49 came along, we would have already been vested under common law under that right. So if that had happened, you would have had a property right. But because it didn't happen, then you don't have a property right. Are you saying you had a property right to have had a property right? We're saying that we're under the Ninth Circuit precedent where an application or a benefit is mandatory. The government doesn't have the discretion of whether or not to grant it or not. So you're relying on FOS basically and saying this is just like applying for a permit that the government has to issue if you reach certain criteria. Is that what you're saying? Yes, Your Honor. That's correct. But the problem with FOS is with the individual fishing quotas is that the claimant had a history of fishing and gathering so many halibut or whatever it was, which was the statutory prerequisite to the entitlement to the permit. And there wasn't any dispute that he met all those requirements. Here the city disputed that even under Measure 37, the original claim, that it even applied in your case for the reasons that it articulated when it denied the claim. So doesn't that distinguish WIPER from FOS? I don't think that it does, Your Honor, because we were entitled to all reasonable inferences. We had, under the district court's ruling, satisfied two legs of the Measure 37 claim that we had owned the property and that had been encumbered. The only leg that we hadn't satisfied was whether there was a reduction in fair market value of the property. The city's position was regulations alone are enough to create a reduction in fair market value. The city can't take that position for one applicant, then turn around for us and say, well, you have this appraisal done by two appraisers with 38 years of experience, and we're not going to give any weight at all to that. I thought the city said that they didn't think the regulations were land-use regulations as defined in the statute. And again, Your Honor, I would submit that that was a sham hearing. The city has claimed that Chapter 9 of their land-use code, entitled Land Use, did not contain land-use regulations. With respect to the question whether there was a dispute or it was disputed, it was disputed, right? And you're just saying you would have won if you had gone to court on that dispute. Is that right? If we had been given a fair opportunity to present our claim, we would have won, Your Honor. But there was no dispute in FOS that FOS had met the statutory requirements by virtue of his prior fishing history. And, Your Honor, I would submit the Oregon case law is clear that it will presume that the city will act in accordance with the law when it interprets or when it applies its code. Here, we don't think that the city would have had any ability to have denied it, other than for the fact to have improperly denied it, either out of animosity or ill will, or just the fact that they didn't like Measure 37. Counsel, you're almost out of time. I'll give you a minute and rebuttal.  Thank you, Your Honor. Thank you. Ms. Brebner, I cannot see the clock because your screen is in the way. Can you either move the clock or move your screen one or the other? Okay. Hang on just a second, counsel, while we ---- Thank you. That's much better. Yeah. Thanks. Just don't lean to the left. All right. May it please the Court, John Amakinen representing the City of Eugene. The district court properly granted the city summary judgment on WIPER's three claims, procedural due process, substantive due process, and equal protection. The district court also appropriately considered evidence of the city's hearing on and denial of WIPER's Measure 37 claim. WIPER did not have a protected property interest under Measure 37, and so the city did not violate due process rights. Under Oregon law, a claimant has a protected property interest in a Measure 37 claim only after the government has accepted the claim as valid. This Court applied California's similar approach relating to billboard sign permits in Outdoor Media Group v. City of Beaumont. California recognized a property right in construction of a billboard only after a permit had issued. This Court applied California law to hold that Outdoor Media had no property right in its application for a billboard building permit. What's your response to the argument that because the city didn't give WIPER a determination within the 180 days required under the Eugene municipal code that, therefore, the claim in essence was determined to be viable? Well, Your Honor, I have a couple of responses. The first is in the Nosomoto case. It's Lake Nosomoto Ranch Company v. San Luis Obispo County. If you have an adequate State law remedy for a procedural – for the failure of government to follow a procedure, that cuts off your due process claim. And here they clearly had an adequate State law remedy. They filed a writ of mandamus, which eventually led to the hearing that the city held. The second response is once the city eventually held a hearing, as the Court has discussed, the city actually denied the claim. What do you mean by held a hearing? You're talking about the late hearing that was kind of a – what do you call it, a charade? Yes, Your Honor. And I would submit that the hearing was not a sham, that the city processed the claim under Measure 37, applying the correct criteria under Measure 37. The fact that the result of that hearing would have had no effect is an operation of Measure 49, nothing that the city did. It was the State change in State law, Measure 49, that actually made whatever resulted from that hearing essentially ineffective had the city granted it. But I wouldn't – I would certainly not concede that the hearing was a sham. The city proceeded under Measure 37 to apply the factors that it – You know, I think an argument can be made, and maybe the Appellant is making it, but under Measure 37, I think an argument can be made that all it takes is an application to get a vested claim because the determination is all in terms of just compensation, and just compensation is a very common term, you know, that's employed, I think, in thousands of cases, right, condemnation cases. And there's nothing, you know, it doesn't lack concreteness. There's nothing to decide except just compensation. I mean, what else is there to the claim? Well, I would first – I just want to back up just a little bit, and then I will specifically answer your question. But first of all, you have to have both a legitimate entitlement and the benefits have to be mandatory. So I think you're talking about the main – I think that's his argument. Just the claim alone, you know, gave him a mandatory right to just compensation under Measure 37. Well, I would – so there is much more to Measure 37 than simply submitting a claim and saying that your property value has been reduced. Well, no, no. You know, it's all just – all there is to choose between, say, you know, giving him money or suspending the regulations, right? But that's after you've already determined that there is, you know, a valid claim. And in determining whether there's a valid claim, there's many factors to consider, including whether it's actual land use regulation as that term is defined by Measure 37, not as it's commonly understood. So Measure 37 defined land use regulations to be development – comprehensive development plans and then zoning, property division, and transportation ordinances. It didn't apply to any ordinance that, you know, has somehow touches on land use. It was specifically defined. And it clearly did not include the conditional use permit that was a contract between the city and WIPER. But I do think it's important to remember that there – you know, you have to have both a legitimate claim to entitlement as well as the mandatory benefit. And here we would submit that it's clear that there was no legitimate claim to entitlement. And then with respect to whether WIPER – or whether the city treated WIPER the same as similarly situated people, you know, WIPER is trying to lump itself in with a class that – who had already had their claims accepted by the city. There were three pending Measure 37 claims that the city had in May 2007, and the city canceled hearings on all three of those claims. Well, he wants – I assume his argument is he wants to be included with the lumber company and whatever the other claimant was who had previously had their claims adjudicated. That's correct. But what – That's a different group than the group – than the other two who were with him in May of 2007. Exactly. The city had – there was three claims pending, First Baptist, Saddrey, and WIPER. And the city was going to hold hearings on all three of those claims in May and canceled those hearings at the same time when the State legislature extended the time for deciding Measure 37 claims. If the Court has no further questions. I don't. Thank you. Mr. Noteboom, we'll give you a minute in rebuttal. Just to respond to one of Ms. Mockenden's points, Your Honor, we were similarly situated as the other claimants because there is a mistaken presumption here that the amendment of State law somehow impliedly amended the city code, which it did not. And the case law on that is very clear. That issue was decided by the court of appeals. It was not challenged by the city that they had to act within 180 days under code. And so we were similarly situated as the other applicants. The city had to act on our claim within 180 days. They didn't. They treated us very differently, very discriminatory compared to the other applicants. But that's – I'm still having problems. That's a procedural due process violation for which the remedy under State law was pursue a mandamus action in the circuit court, which you did. There's two responses to that, Your Honor. One is that a procedural statute can become a protected property interest where it's substantive in nature. And here the purpose of it was designed. It was a substantive restriction on the city commanding them to take action on your claim, and it was designed to protect the interest of the claimant. So I think that it is a protectable property interest. Well, let me ask you this. Forget about Measure 49. Assume Measure 37 was still in effect. Had the city not acted within 180 days, isn't the remedy to then file a mandamus action in the circuit court and ask for a judicial determination of the merits of the Measure 37 claim? That's correct, Your Honor. That is the remedy. But the question is, is whether the remedy is sufficient to satisfy the requirements of due process. And to do that, you have to apply the Matthews factors, which the district court did not do. This exact issue came up in the city's form which is more interesting. But it just doesn't that doesn't that simply exchange the city for the court as the decision maker on the validity of the claim? That particular action was not on the validity of the claim. All you can do in a mandamus action is to get the city to act. And so it never determined the validity of the claim. So how does that rise to a substantive claim of a protectable property interest? It sounds to me like it's a procedural remedy for the fact that the city didn't act within 180 days. You get a court order that says to the city either grant the claim or give them a hearing, which is exactly what the circuit court of Lane County ordered when it granted the writ of mandamus. Correct, Your Honor. And the city is relying on that as their proof of post-deprivation due process. And our position is that it's not adequate post-deprivation due process. One, they have to show extraordinary circumstances before they can do away with pre-deprivation due process and move to post-deprivation due process. And here, the very fact that the inadequacy of the mandamus remedy is evidenced by the cost, the length of time, the fact that it didn't, wasn't able to give us any relief. By the time the court ordered them to have a hearing 6 months after they were supposed to under their own law, there was nothing that anybody could have done that would have given any relief to the appellant here because measure 49 had already taken effect. And under due process, that's not a meaningful time for a hearing. Okay. I think we have your argument in hand. Thank you very much. Thank you, counsel. The case just argued is submitted.
judges: Tashima, Tallman, Ikuta